UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER MILLER, SCOTT POOLE, and KEVIN ENGLAND, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:18-cv-86 |
| SOUTHWEST AIRLINES CO., | ) ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332(a), 1332(d), 1441 and 1446, Defendant Southwest Airlines Co. ("Defendant") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant respectfully states as follows:

## I.     BACKGROUND AND TIMELINESS

1.     On November 27, 2017, Plaintiffs Jennifer Miller, Scott Poole, and Kevin England, on behalf of themselves and all others similarly situated ("Plaintiffs"), initiated this civil lawsuit against Defendant in the Circuit Court of Cook County, Illinois, by filing a class action complaint captioned *Jennifer Miller, et al. v. Southwest Airlines Co.*, No. 2017 CH 15621 (the "State Court Action").

2.     Defendant was served with a copy of the summons and complaint in the State Court Action on December 6, 2017.

3.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that Defendant was served with the initial pleading. *Murphy*

*Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (recognizing that the time for filing a notice of removal does not begin to run until a party has been formally served with the summons and complaint under applicable state law).

4.      Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as Exhibit 1.

5.      By their Complaint, Plaintiffs contend that Defendant violates the Illinois Biometrics Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), through the use of "fingerprint" technology. (*See* Ex. 1, Compl. ¶¶ 1, 3-4, 8-11, 26, 33-38, 47-54.) Specifically, Plaintiffs allege that Defendant collects, stores, uses, retains, and transmits employee biometric information (here, "fingerprints") when the employees clock in or out of work without first obtaining informed written consent or publishing their retention policies. (*See id.* at ¶¶ 4, 8, 33-35, 54.) Based on those allegations, Plaintiffs assert one cause of action for alleged violation of BIPA, in both their individual and representative capacities. (*See id.* at ¶¶ 39-56.)

6.      Plaintiffs seek, on behalf of themselves and a putative class, various forms of relief including: (1) certification of the class as requested in the Complaint, including appointing Plaintiffs as class representatives and Plaintiffs' counsel as class counsel; (2) a declaration that Defendant's actions violate BIPA; (3) "injunctive and equitable relief as necessary to protect the interests of Plaintiffs and the Class by requiring Defendant to comply with BIPA requirements for the capture, collection, storage, and use of biometric identifiers and biometric information, including an injunction requiring Defendant to permanently destroy all biometric information of Plaintiffs and Class members in its possession and compensation in an amount to be determined at trial for the commercial value of Plaintiffs' biometric information;" (4) "$5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(1);" (5) "$1,000 for each

negligent violation of BIPA, pursuant to 740 ILCS 14/20(3);" (6) "reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);" (7) "pre- and post-judgment interest, as allowable by law;" and (8) "such further and other relief as the Court deems just and equitable." (*See id.* at Prayer for Relief, ¶¶ a-h.)

7.      BIPA provides for statutory damages of $1,000 for negligent violations and $5,000 for intentional or reckless violations.  740 ILCS 14/20.

## II.      REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1332(a)

8.      Pursuant to 28 U.S.C. §§ 1332(a) and 1441, removal is proper because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.  *E.g.*, *Carroll v. Stryker Corp.*, 658 F.3d 675, 680-81 (7th Cir. 2011).

9.      According to the allegations in the Complaint, Plaintiffs are all natural persons and citizens of Illinois. (Ex. 1 ¶¶ 13-15.)

10.      For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006). Defendant Southwest Airlines Co. is a Texas corporation with its principal place of business in Dallas, Texas.  (*See* Ex. 2, Decl. of Michelle Jordan ("Jordan Decl.") ¶ 5.)

11.      Because Plaintiffs are citizens of Illinois, while Defendant is a citizen of Texas, there is complete diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).  *Detrick v. Home Depot, U.S.A.*, No. 13 C 3878, 2013 WL 3836257, at *1 n.1 (N.D. Ill. July 23, 2013).

12.      In determining whether the jurisdictional threshold amount of $75,000 is satisfied, district courts consider the totality of the relief sought, which "includes monetary damages, attorney's fees, and 'the cost a defendant incurs in complying with injunctive relief.'" *The Home*

*Depot, Inc. v. Rickher*, No. 06-8006, 2006 WL 1727749, at *1 (7th Cir. May 22, 2006) (quoting

*Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004)).

13.     For purposes of assessing the amount in controversy, Plaintiffs' allegations are

accepted as true. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289

(1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint

discloses the existence of a valid defense to the claim"); *Andrews v. E.I. Du Pont De Nemours

and Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (determining amount in controversy by examining

potential damages based on allegations pled in complaint).

14.     Plaintiffs allege that Defendant's violations of BIPA were "knowing and willful,

or were in reckless disregard of the statutory requirements," (Ex. 1 at ¶ 56), for which Plaintiffs

seek statutory damages of $5,000 per violation under 740 ILCS 14/20. (Ex. 1 at Prayer for

Relief, ¶ d).

15.     Alternatively, Plaintiffs allege that Defendant negligently violated BIPA and

seeks statutory damages of $1,000 per violation under 740 ILCS 14/20. (Ex. 1 at ¶ 56, Prayer for

Relief, ¶ e).

16.     While Southwest denies that Plaintiffs are entitled to any relief, based on the

allegations, it would take each Plaintiff only seventy-six (76) occasions of clocking in and out

before statutory damages alone would exceed $75,000 (76 scans times $1,000/violation equals

$76,000).  From November 27, 2016 to November 27, 2017, Defendant's records indicate that

while employed by Defendant, Plaintiffs Jennifer Miller and Scott Poole each utilized Southwest

Airlines Co.'s timekeeping system at Chicago Midway International Airport on at least eighty-

five (85) separate occasions. (*See* Jordan Decl. at ¶ 10).  From November 27, 2016 to November

27, 2017, Defendant's records indicate that while employed by Defendant, Plaintiff Kevin

England utilized Southwest Airlines Co.'s timekeeping system at Chicago Midway International Airport on at least twenty-seven (27) separate occasions. (*See* Jordan Decl. at ¶ 10).

17.     The amount in controversy must be satisfied by one of the named plaintiffs for purposes of determining the jurisdictional amount. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2007). "Once one plaintiff satisfies the amount-in-controversy requirement for diversity jurisdiction, the other plaintiffs come in under the court's supplemental jurisdiction regardless of whether their individual claims satisfy the requirements of § 1332." *Id.* Because Plaintiffs allege $1,000-$5,000 for each clock in or clock out, based on the allegations in the Complaint, Plaintiffs Jennifer Miller and Scott Poole each claim damages exceeding $75,000, exclusive of interest and costs, and Plaintiff Kevin England claims damages exceeding $27,000, exclusive of interest and costs.[1]  (Jordan Decl. at 11.)

18.     Accordingly, both the diversity and amount-in-controversy prongs are satisfied with respect to Defendant, and removal is therefore proper under 28 U.S.C. §§ 1332 and 1441.

## III.     REMOVAL IS PROPER PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005

19.     Pursuant to 28 U.S.C. § 1332(d), removal is proper because the United States District Courts have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a state different from any defendant, and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d);

---

[1]     Defendant denies violating BIPA or that Plaintiffs have alleged an actionable violation of BIPA for each and every time they clocked in and out. Such a result would conflict with a plain language interpretation of the statute.   Nonetheless, for purposes of removal, Plaintiffs' allegations and requested relief must be accepted as true for purposes of determining the amount in controversy.

*see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").[2] Here, all three conditions are satisfied.

20.     As of December 2017, Defendant employed approximately 1,389 employees at Chicago Midway International Airport who have utilized Defendant's timekeeping system under conditions that Plaintiffs allege violate BIPA. (*See* Jordan Decl. at ¶ 12).

21.     Plaintiffs' proposed class definition is: "All individuals whose biometrics were captured, collected, obtained, stored or used by Defendant within the State of Illinois any time within the applicable limitations period." (Ex. 1 at ¶ 39). Plaintiffs allege, upon information and belief, that "there are hundreds, if not thousands, of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable." *See id.* at ¶ 41.

22.     Because more than 100 of Defendant's employees at Chicago Midway International Airport have utilized Defendant's timekeeping system under conditions that Plaintiffs allege violate BIPA, and Plaintiffs allege the class is constituted of "hundreds, if not thousands, of members," this action involves a putative class of at least 100 members as required by 28 U.S.C. § 1332(d)(5)(B).

23.     As established above, Plaintiffs are citizens of Illinois and Defendant is a citizen of Texas. (*See supra* ¶¶ 9-11). Accordingly, at least one member of the class of plaintiffs is a citizen of a state different from the defendant as required by 28 U.S.C. § 1332(d)(2)(A).

24.     Finally, the aggregate amount in controversy as pled by Plaintiffs exceeds $5 million. Plaintiffs allege that each putative class member is entitled to $5,000 in statutory damages for every instance the member scanned his or her finger using Defendant's timekeeping

---

[2]     By arguing that this matter is removable under 28 U.S.C. § 1332(d), Defendant does not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

system. (Ex. 1 at ¶¶ 52, 55-56, Prayer for Relief, ¶ d). As established above, as of December 2017, there were 1,389 individuals employed by Defendant at Chicago Midway International Airport using Defendant's timekeeping system under conditions that Plaintiffs claim violate BIPA. (*See supra* ¶ 21). Even if each of Defendant's approximately 1,389 employees at Chicago Midway International Airport scanned their finger once, the amount in controversy would exceed $5 million.[3] Consequently, the amount in controversy in this matter exceeds $5 million as required by 28 U.S.C. § 1332(d)(2).

25.    Because this matter satisfies all requirements of 28 U.S.C. § 1332(d), this matter is removable under the Class Action Fairness Act of 2005.

## IV.    REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1331

26.    Pursuant to 28 U.S.C. § 1331, removal is proper because this civil action arises under the laws of the United States.

27.    Defendant is a common carrier by air and is therefore subject to the Railway Labor Act ("RLA"). *See* 45 U.S.C. § 181.

28.    Plaintiffs have worked for Defendant at Chicago Midway International Airport as ramp and operations agents. (Ex. 1 at ¶¶ 13-15). As such, the Transportation Workers Union of America, AFL-CIO Local 555 ("Local 555") has been Plaintiffs' "sole and exclusive bargaining agent" for purposes of collective bargaining with Defendant. (*See* Jordan Decl. at ¶ 14).

29.    Defendant and Local 555 are parties to a collective bargaining agreement (the "CBA") which governs Plaintiffs' terms and conditions of employment and was ratified by Local 555's members. (*See* Jordan Decl. at ¶ 14 and Ex. A at Art. 3(A)).

---

[3] 1,389 employees x $5,000 = $6,945,000.

30.     The CBA includes a four-step grievance and arbitration procedure for the resolution of disputes concerning the interpretation or application of the CBA. (*See* Jordan Decl. at ¶ 15 and Ex. A). As required by the RLA, the final step in the procedure is arbitration before the System Board of Adjustment. (*Id*.). The CBA specifically states: "If the decision of Labor Relations or his designee is not acceptable to the District Representative/designee of the Union, the Union shall notify the Company in cases involving Contractual . . . Grievances . . . of its intent to have the grievance reviewed by the System Board of Adjustment. It is understood and agreed that the decision of the System Board of Adjustment shall be final and binding on both the Company and the Union. . . . [The System Board of Adjustment] shall have jurisdiction only to determine issues involving the interpretation or application of this Agreement." (*See* Jordan Decl. at ¶ 15 and Ex. A). *See also* 45 U.S.C. § 184.

31.     This internal dispute resolution process, including final and binding arbitration by the System Board of Adjustment, must be used to resolve all "minor disputes" under the RLA. *Monroe v. Missouri Pac. Ry. Co.*, 115 F.3d 514, 516 (7th Cir. 1997) ("All minor disputes must be adjudicated under RLA mechanisms, which include an employer's internal dispute-resolution procedures and an adjustment board established by the unions and the employer."). Under the RLA, a "minor dispute" is any dispute that involves the interpretation or application of an existing collective bargaining agreement or a dispute involving the application of past practices between RLA-governed employers and the unions that represent their employees. *Brotherhood of Ry. Airline, and Steamship Clerks, Freight Handlers, Express & Station Employees v. Atchinson, Topeka and Santa Fe Ry. Co.*, 847 F.2d 403, 406 (7th Cir. 1988).

32.     State law claims are actually minor disputes under the RLA when the resolution of the state law claim requires the interpretation or application of the applicable RLA-governed

collective bargaining agreement or a past practice developed in the context of a bargaining relationship governed by the RLA. *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246 (1994); *Monroe*, 115 F.3d at 516; *Atchinson, Topeka and Santa Fe Ry. Co.*, 847 F.2d at 406.

33.     Plaintiffs claim "Defendant's practice with respect to capturing, collecting, storing, and using biometric identifiers and biometric information fails to comply with applicable BIPA requirements" as specified in 740 ILCS 14/15(b). (Ex. 1 at ¶ 53). Plaintiffs specifically allege that Defendant did not satisfy BIPA's notice requirements specified in 740 ILCS 14/15(b)(1) and (2) or obtain the written release required by 740 ILCS 14/15(b)(3). (*Id.*). The requirements of 740 ILCS 14/15(b) are satisfied if notice is provided to and a written release is obtained from "the subject's legally authorized representative." *See* 740 ILCS 14/15(b).

34.     In the CBA, Local 555 agrees that "[t]he right to manage and direct the work force, subject to the provisions of this Agreement, is vested in and retained by the Company." (*See* Jordan Decl. at ¶ 16 and Ex. A). And the agreed-upon purpose of the CBA is to "provide for the operation of the Company under methods which shall further, to the fullest extent possible . . . the efficiency of operations, and the continuation of employment under reasonable working conditions." (*See id.*). What is more, the CBA gives the Company the right to put new "type[s] of equipment" into use so long as the Company gives employees an opportunity to become familiar with and become trained on "any new type of equipment" before the Company requires them to operate such equipment. (*See id.*). The CBA also subjects covered employees to "all reasonable Company rules and regulations previously or hereafter issued by proper authority of the Company," not in conflict with the CBA and which have been provided to employees and the Union prior to becoming effective. (*See id.*).

35.     The analysis of whether Defendant satisfied BIPA's notice requirements specified in 740 ILCS 14/15(b)(1) and (2) requires interpretation of the CBA's language concerning the Company's rights to manage and direct its workforce, the Company's right to put new equipment into use, and interpretation of any Company rule or regulation issued pursuant to the CBA and related to the Company's timekeeping system at Chicago Midway International Airport. Similarly, the analysis of whether Defendant obtained the written release required by 740 ILCS 14/15(b)(3) requires a determination of whether the CBA's specification of the Company's rights to manage and direct its workforce and implement new equipment constitute a sufficient written release from Plaintiffs' "legally authorized representative" under 740 ILCS 14/15(b)(3). Consequently, because any analysis of Plaintiffs' claim necessarily requires interpretation of the CBA, Plaintiffs' claim is a minor dispute under the RLA. *See Monroe*, 115 F.3d at 518.

36.     The mechanisms prescribed by the RLA are the sole method for adjudicating minor disputes. *Id.* at 516. Accordingly, Plaintiffs' claims are preempted by the RLA and are removable to federal court under 28 U.S.C. § 1331. *See, e.g., Hammond v. Terminal R.R. Ass'n of St. Louis*, 848 F.2d 95, 97 (7th Cir. 1988) (holding that plaintiff's claim under state law was actually a minor dispute and was properly removed to federal court).

## V.     VENUE AND NOTICE

37.     Venue is also proper in the Northern District of Illinois located in Chicago, Illinois, because the Circuit Court of Cook County action is pending within the jurisdictional confines of this Court.  28 U.S.C. § 1446(a).

38.     Defendant will provide written notice of the filing of this Notice of Removal to Plaintiffs and the Circuit Court of Cook County.

WHEREFORE, Defendant Southwest Airlines Co. hereby removes this civil action to this Court on the basis of diversity jurisdiction, this Court's original jurisdiction over this action under the Class Action Fairness Act of 2005, and federal question jurisdiction.

Dated:  January 5, 2018     SOUTHWEST AIRLINES CO.

           By:  /s/Erin Bolan Hines

           Melissa Siebert (*msiebert@bakerlaw.com*)
           Erin Bolan Hines (*ehines@bakerlaw.com*)
           Bonnie Keane DelGobbo (*bdelgobbo@bakerlaw.com*)
           **BAKER & HOSTETLER LLP**
           191 North Wacker Drive, Suite 3100
           Chicago, Illinois 60606-1901
           Telephone: (312) 416-6200
           Facsimile: (312) 416-6201

           *Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that she caused a true copy of the foregoing

**Notice of Removal** to be served on counsel of record via messenger delivery on January 5, 2018

to:

Steven A. Hart
Hart McLaughlin & Eldridge, LLC
121 W. Wacker Drive, Suite 1050
Chicago, IL 60601

Antonio M. Romanucci
Romanucci & Blandin, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654

Ian Elfenbaum
Elfenbaum, Evers & Amarilio, P.C.
940 W. Adams Street, Suite 300
Chicago, IL 60607

Vincent Petrosino
Serpico, Petrosino, Di Piero & O'Shea, Ltd.
2018 N. Jefferson Street, Suite 101
Chicago, IL 60661

/s/ Erin Bolan Hines