**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JENNIFER MILLER, SCOTT POOLE, and KEVIN ENGLUND, | ) | |
| Plaintiffs, | ) | |
| v. | ) | 18 C 86 |
| | ) | Hon. Marvin E. Aspen |
| SOUTHWEST AIRLINES CO., | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us is Plaintiffs Jennifer Miller, Scott Poole, and Kevin Englund's motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e) and for leave to file a second amended complaint pursuant to Rule 15(a)(2). (Mot. (Dkt. No. 46).) On September 13, 2018, we dismissed Plaintiffs' claims pursuant to Rule 12(b)(3) for improper venue and entered judgment. (Dkt. Nos. 44–45.) For the following reasons, we deny Plaintiffs' motion.

**BACKGROUND**

The relevant background as set forth in our September 13, 2018 Memorandum Opinion and Order dismissing the case remains the same and need not be restated here. (*See* Dkt. No. 44.) Plaintiffs, ramp agents and operations agents employed by Defendant at Chicago Midway International Airport, filed this action seeking to recover on behalf of themselves and a putative class of similarly situated individuals for alleged privacy violations after Defendant implemented a biometric timekeeping system at Midway. We dismissed Plaintiffs' amended complaint, which asserted class claims for violation of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, as well as several common law

claims. (*Id.*) In granting Defendant's motion to dismiss pursuant to Rule 12(b)(3), we determined Plaintiffs' claims were preempted by the Railway Labor Act ("RLA"), 45 U.S.C. § 181, *et seq.*, requiring submission to the RLA's arbitral framework and rendering venue in federal court improper. Specifically, we found that Plaintiffs' BIPA and common law claims presented a "minor dispute" subject to mandatory arbitration under the RLA because resolution of the claims required reference to and interpretation of the collective bargaining agreements ("CBAs") governing Plaintiffs' employment with Defendant. *See Brown v. Ill. Cent. R.R. Co.*, 254 F.3d 654, 658 (7th Cir. 2001).

Plaintiffs now ask us to reopen the judgment to allow them to amend their complaint to vindicate "rights and obligations [under BIPA] that exist independent of a [collective bargaining agreement]," and which are therefore not preempted by the RLA. (Mot. at 1.) Plaintiffs argue that because we dismissed their amended complaint without prejudice under Rule 12(b)(3), judgment should not have been entered. (*Id.* at 4–5.) They further argue that leave to amend under Rule 15(a)(2) should be given here because their proposed second amended complaint, which includes a single claim under BIPA "for substantive Privacy Injury for Southwest's failure to comply with the notice and written consent provisions of BIPA," does not present a minor dispute under the RLA and is not preempted. (*Id.* at 5–6.) The proposed second amended complaint removes all common law counts and solely asserts a claim for relief under BIPA. (*See* Proposed 2d Am. Compl. (Dkt. No. 46–2) ¶¶ 71–80.)

**LEGAL STANDARD**

Rule 59(e) permits parties to file a motion to alter or amend the judgment within twenty-eight days of the entry of judgment. Fed. R. Civ. P. 59(e). A motion to alter or amend the judgment "will be successful only where the movant clearly establishes: '(1) that the court

committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). "A 'manifest error' occurs when the district court commits a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). Relief under Rule 59(e) is ordinarily an "extraordinary" remedy "reserved for the exceptional case." *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). "However, once the requirements of [Rule 59(e)] have been met, a plaintiff does not lose the ability to amend a complaint under the liberal standard articulated in Rule 15 simply because the court entered judgment . . . ." *Id.* (citing *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 521 (7th Cir. 2015)). "A district court acts within its discretion in denying leave to amend, either by dismissing a complaint with prejudice or by denying a post-judgment motion, when the plaintiff fails to demonstrate how the proposed amendment would cure the deficiencies in the prior complaint." *Gonzalez-Koeneke*, 791 F.3d at 808.

**ANALYSIS**

Plaintiffs argue we erred in entering judgment without granting them leave to file a second amended complaint, and therefore, relief under Rule 59(e) is warranted. (Mot. at 4.) They further contend that leave to amend under Rule 15(a)(2) should be granted as their proposed amendment would not be futile. (*Id.* at 4–6.) Plaintiffs' second amended complaint asserts a single BIPA claim seeking to recover for alleged privacy injury caused by Defendant's failure to comply with the written notice and consent provisions of BIPA. (*Id.* at 5–6.) Plaintiffs emphasize that resolution of their amended BIPA claim does not require reference to or

interpretation of the CBAs and does not present a minor dispute under the RLA rendering venue improper because: (1) they are no longer asserting any alleged compensation injury in support of their BIPA claim, nor are they asserting any common law claims; and (2) they are not challenging Defendant's implementation or use of a biometric timekeeping system, but rather the lack of written notice and written consent prior to implementation. (*Id.* at 3–4.)

Even without the compensation injury allegations and the common law claims, Plaintiffs' proposed second amended complaint presents a minor dispute under the RLA that must be submitted to mandatory arbitration. *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252–53, 114 S. Ct. 2239, 2244 (1994) (explaining "minor" disputes under the RLA "grow out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions" (citation and alteration omitted)). Therefore, the amendment would not cure the deficiencies in the prior complaint and venue remains improper in this court. Plaintiffs contend the proposed complaint makes clear their claim centers on whether Defendant provided the necessary *individual* written notice and written consent in order to protect employees' "right to individually make an informed decision when electing to provide or withhold their most sensitive information and on what terms." (Proposed 2d Am. Compl. ¶ 22.) However, as we previously explained, Plaintiffs are represented by the Transportation Workers Union of America, AFL-CIO Local 555 ("TWU 555"), and the union acts as the "sole and exclusive bargaining agent" for all of Defendant's United States-based ramp, operations, provisioning, and freight agents, including Plaintiffs. (Jordan Decl. (Dkt. No. 28–1) ¶¶ 6, 8.) Thus, it cannot be determined whether Defendant collected or captured Plaintiffs' biometric identifiers without informing them or their legally authorized representative in writing that the information was being collected and stored without first assessing whether TWU 555 had the right or

responsibility to accept notice and consent on Plaintiffs' behalf as their "sole and exclusive bargaining agent." *See Brown*, 254 F.3d at 658.

Likewise, TWU 555 broadly granted Defendant the "right to manage and direct the work force" subject to the specific terms of the CBAs. (CBA, Jordan Decl. Ex. A (Dkt. No. 28–1) at Art. 2(D).) Determining whether the union acted as Plaintiffs' "legally authorized representative" as that term is defined under BIPA and whether Defendant complied with BIPA in light of the scope of its management rights requires consideration or interpretation of the CBAs. Defendant has met its low burden of "articulat[ing] an argument that is 'neither obviously insubstantial or frivolous, nor made in bad faith,'" showing that resolution of Plaintiffs' BIPA claim requires interpretation or application of the governing CBAs. *Bhd. of Locomotive Eng'rs & Trainmen (Gen. Comm. of Adjustment, Cent. Region) v. Union Pac. R.R. Co.*, 879 F.3d 754, 758 (7th Cir. 2017) (quoting *Consol. Rail Corp. v. Ry. Labor Execs.' Ass'n*, 491 U.S. 299, 310, 109 S. Ct. 2477, 2484 (1989)). Because the interpretation of these provisions of the CBAs may bear on Plaintiffs' BIPA claim, we cannot resolve the parties' dispute in federal court. *See Grimes v. CSX Transp., Inc.*, 338 F. App'x 522, 524 (7th Cir. 2009) ("[T]he Railway Labor Act broadly encompasses all disagreements bearing on the labor agreement and precludes a district court from adjudicating even a dispute ostensibly based on an independent source of federal or state law if 'the interpretation of some provision(s)' of the labor agreement 'could be dispositive of the plaintiff's claim.'" (quoting *Brown*, 254 F.3d at 664)). Plaintiffs' amended claim cannot be decided without referring to or interpreting the CBAs between Defendant and TWU 555, and their proposed second amended complaint is therefore preempted by the RLA. Accordingly, we deny Plaintiffs leave to amend their complaint because venue in

this court remains improper. Plaintiffs' BIPA claim must be submitted to the arbitral framework established under the RLA.

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion to alter the judgment and for leave to file a second amended complaint is denied. It is so ordered.

Marvin E. Aspen
United States District Judge

Dated: October 22, 2018
Chicago, Illinois